### 13549. OUTZ v. THE STATE.

BLOODWORTH, J. 1. With a single exception, which is contained in a ground of the motion for a new trial and which is disposed of in the succeeding paragraph, the assignments of error in this case are identical with those in the case of *Outz* v. *State* (No. 13548), ante, 403, and with this one exception the rulings in that case are controlling in this.

2. While W. F. Outz Sr. and W. F. Outz Jr. were being tried under the indictment in this case, a record from a United States district court, including an information against them and another person, and a plea of guilty by Outz Sr., was introduced in evidence over the objections of Outz Jr., the plaintiff in error in the present case. In admitting this record the judge said: "I will admit it against the man who made the plea, with instructions to the jury that they do not consider it against the other man." These instructions were specific that the jury should not consider the plea as evidence against this plaintiff in error; and a new trial is not required on account of the fact that the trial judge "failed and neglected to charge the jury that the said plea so entered by W. F. Outz Sr., being jointly tried with this movant, should not be considered by them in any way whatsoever in determining the question of guilt or innocence of this movant." There was no request for such a charge.

*Judgment affirmed. Broyles, C. J., concurs. Luke, J., dissents.*

DECIDED JANUARY 11, 1923. REHEARING DENIED FEBRUARY 20, 1923.

Description of case, and names of counsel, the same as in the next preceding case.

LUKE, J., dissenting. I do not agree to the second ruling announced in this case. I am of the opinion that the court should

have charged the jury, without request so to do, that the plea of guilty by the codefendant should not be considered by them as evidence of guilt against the defendant in this case.